IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES STEPHEN CORLEY, § | | |
| TDCJ #1723438, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-13-3754 |
| § | | |
| WILLIAM STEPHENS, Director, § | | |
| Texas Department of Criminal Justice - § | | |
| Correctional Institutions Division, § | | |
|     Respondent. § | | |

## MEMORANDUM AND ORDER

Petitioner James Stephen Corley filed a Petition for a Writ of Habeas Corpus ("Petition") [Doc. # 1], challenging the validity of his state court judgment on the grounds that his jury charge was constitutionally defective and his appellate counsel was ineffective for failing to raise this issue. Petitioner also filed a "Memorandum of Law in Support of Title 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus" ("Pet. Memorandum") [Doc. # 2]. Respondent William Stephens filed a Motion for Summary Judgment with Brief in Support ("Motion") [Doc. # 16]. Petitioner did not file a response or request for additional time to do. Respondent's Motion is ripe for review. Based on the Court's full review of the record and the applicable legal authorities, the Court **grants** Respondent's Motion for Summary Judgment.

## I.     BACKGROUND

On March 22, 2011, a Montgomery County jury found Corley guilty of driving while intoxicated ("DWI"), third or more offense. Reporter's Record, Guilt/Innocence Phase–Part 1 ("R.R.GI.1") [Doc. # 13-6], at ECF page 1 (trial date); Reporter's Record, Guilt/Innocence Phase–Part 2 ("R.R.GI.2") [Doc. # 13-7], at ECF page 79 (jury verdict). The following day, the jury sentenced Corley to 99 years imprisonment. Reporter's Record, Punishment Phase–Part 1 ("R.R.P.1") [Doc. # 13-8], at ECF page 1 (hearing date); Reporter's Record, Punishment Phase–Part 3 ("R.R.P.3") [Doc. # 13-10], at ECF page 28 (jury sentence).

On direct appeal, Corley's counsel elected to raise only a single issue, arguing that the trial court violated Corley's confrontation clause rights by allowing testimony concerning the results of Corley's blood alcohol test from a witness who did not perform the test. The Court of Appeals of the Ninth District of Beaumont, Texas affirmed the trial court's judgment, finding that the trial court's error in allowing this testimony was harmless. *Corley v. The State of Tex.*, No. 09-11-00175-CR, 2012 WL 1380215, at *7 (Tex. App.–Beaumont 2012, pet. ref'd).

Corley then sought state habeas relief, which was denied without written order. *See* Application for 11.07 Writ of Habeas Corpus–Action Taken [Doc. # 12-3], at ECF page 2. Corley filed the instant federal habeas petition, *pro se*, on December 20, 2013,

raising the same arguments as his state habeas petition, namely, that his jury charge was constitutionally defective and that his appellate counsel was ineffective for failing to raise this issue. Respondent has moved for summary judgment.

## II.    LEGAL STANDARD

Generally, motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. However, Respondent's motion for summary judgment must be analyzed in light of federal habeas corpus statutes. *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002). All federal habeas corpus proceedings filed after April 24, 1996 are governed by 28 U.S.C. § 2254 of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

For claims containing both legal and factual questions, a federal court may not issue a writ of habeas corpus unless the adjudication in state court resulted in a holding that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); *see Harrington v. Richter*, 131 S. Ct. 770, 785 (2011). A state court's decision is contrary to clearly established federal law if it reaches a legal conclusion that directly conflicts with a prior holding of the Supreme Court or if it reaches a different conclusion than the Supreme Court based on materially

indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 404-08 (2000); *Nelson v. Quarterman*, 472 F.3d 287, 292 (5th Cir. Tex. 2006). A state court unreasonably applies clearly established federal law if it correctly identifies the governing legal principle but unreasonably applies that principle to the facts of the case. *Brown v. Payton*, 544 U.S. 133, 141 (2005); *Nelson*, 472 F.3d at 292.

"[R]eview under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (U.S. 2011). All of the state court's findings of fact "are 'presumed to be correct' unless the petitioner rebuts this presumption through 'clear and convincing evidence.'" *Nelson*, 472 F.3d at 292 (quoting 28 U.S.C. § 2254(e)(1)). Additionally, "all credibility choices and conflicting inferences are to be resolved in favor of the verdict." *Ramirez v. Drake*, 398 F.3d 691, 695 (5th Cir. 2005) (quoting *United States v. Cyprian*, 197 F.3d 736, 740 (5th Cir. 1999)). When a dispute is purely factual, a petitioner is not entitled to relief unless he proves that the state court's decision was "'based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.'" *Buntion v. Quarterman*, 524 F.3d 664, 670 (5th Cir. 2008) (quoting 28 U.S.C. § 2254(d)(2)). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect, but whether that determination was unreasonable – a substantially higher threshold." *Id*.

(citing *Williams*, 529 U.S. at 410).

A central goal of AEDPA is to limit the "federal [habeas] court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).  AEDPA "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state court proceedings." *Harrington*, U.S., 131 S. Ct. at 786.

Courts construe pleadings filed by individuals proceeding *pro se* under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).  Pleadings filed by *pro se* litigants are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)). "At the same time, however, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)); *see also Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) ("Absent evidence in the record, a court cannot consider a habeas petitioner's bald

assertions on a critical issue in his *pro se* petition . . . to be of probative evidentiary value.").

### III. ANALYSIS

#### A. Defective Jury Charge

Corley claims his due process rights were violated because his jury charge was constitutionally defective. "In examining habeas claims of improper jury instructions, the 'inquiry is not whether there was prejudice to the [petitioner], or whether state law was violated, but whether there was prejudice of constitutional magnitude.'" *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002) (quoting *Sullivan v. Blackburn*, 804 F.2d 885, 887 (5th Cir. 1986)) (alteration in original). "The relevant inquiry is whether the failure to give an instruction 'by itself so infected the entire trial that the resulting conviction violates due process.'" *Id.* at 764-65 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)); *accord Henderson v. Kibbe*, 431 U.S. 145, 154 (1977).

Corley argues that the jury was not instructed on the "jurisdictional element" of his offense, by which he means that a defendant must have two prior convictions in order to be found guilty of the felony offense of DWI. *Id.*, at ECF page 14. Corley further contends that the jury charge did not contain any references to his prior stipulation to two previous DWIs. *Id.* The Texas Court of Criminal Appeals has held that, when a criminal defendant is charged with the felony offense of DWI, third or

more offense, and the defendant has stipulated to two prior offenses, the prosecution "must include some reference to the jurisdictional element of two prior DWI convictions in a felony DWI trial," and the jury instructions "must include some reference to the defendant's stipulation and its legal effect of establishing the jurisdictional element." *Martin v. State*, 200 S.W.3d 635, 640-41 (Tex. Crim. App. 2006).

Corley's arguments are wholly unsupported by the plain language of the jury charge, a copy of which Corley provided to the Court. *See* Charge to the Jury ("Jury Charge") [Doc. # 2-1]. The parties do not contest the admissibility of the "Defect Jury Charge" that Corley attached to his Memorandum, and the Court has no reason to believe that this document is not an accurate copy of the jury charge in Corley's case. The jury charge is signed by a presiding judge and jury foreperson, and the first page includes a March 22, 2011 date stamp from the district clerk of Montgomery County, which matches the date of Corley's trial. *Id.*, at ECF pages 1, 6, 7.

These jury instructions delivered by the trial court unequivocally state that Corley is charged with a felony offense. *Id.*, at ECF page 1 ("The defendant, James Steven Corley, stands charged by indictment with the felony offense of Driving While Intoxicated . . . ."). Furthermore, the jury charge clearly states that the elements of this felony offense include that the defendant has two prior convictions. *Id.* ("A person

commits the felony offense of Driving While Intoxicated if the person is intoxicated while operating a motor vehicle in a public place and the person has previously been convicted two times of any offense relating to the operating of a motor vehicle while intoxicated."). Finally, the jury charge makes clear that the jury must find this jurisdictional element (two prior convictions) beyond a reasonable doubt. *Id.*, at ECF page 2 ("Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about August 28, 2010, in Montgomery County, Texas, the defendant, James Steven Corley, did then and there operate a motor vehicle in a public place while said defendant was intoxicated, and you further find that[,] prior to the commission of that offense, the defendant was twice convicted of an offense related to the operating of a motor vehicle while intoxicated, then you will find the defendant guilty of the felony offense of Driving While Intoxicated–3rd or more, as charged in the indictment."). To the extent Corley contends the jury charge is constitutionally defective for not including any reference to the jurisdictional element of his felony offense, a basic reading of the jury charge demonstrates that Corley's argument has no basis in fact.

Moreover, contrary to Corley's assertions, the jury charge contains the following reference to Corley's prior stipulations: "'Offense relating to operating a motor vehicle while intoxicated' includes the offenses of Driving While Intoxicated

to which the defendant has stipulated." *Id.* While this statement does not clarify exactly how many prior offenses Corley stipulated to, the use of the plural "offenses" indicates it was at least the required minimum of two. Additionally, any ambiguity in the jury charge's reference to Corley's prior stipulations would not give rise to a finding that the jury charge was constitutionally defective. The jury was clearly instructed that, in order to find Corley guilty of a felony offense, it had to find beyond a reasonable doubt that Corley committed two prior offenses. Significantly, the trial record contains references to Corley's stipulations that support this jury finding. *See, e.g.*, R.R.GI.1, at ECF page 7. Given that the jury was instructed on all elements of Corley's offense and the jury findings are supported by the record, there is no basis for finding that the jury instructions in Corley's case "so infected the entire trial that the resulting conviction violates due process." *See Galvan*, 293 F.3d at 764; *Cupp*, 414 U.S. at 147; *Henderson*, 431 U.S. at 154. Accordingly, summary judgment is awarded in Respondent's favor on Corley's claim that the jury charge was constitutionally defective.

### B. Ineffective Assistance of Counsel

Corley further contends that his direct appeal counsel violated his Sixth Amendment right to effective assistance of counsel by failing to raise any issues related to Corley's jury charge. Pet. Memorandum, at 4. Corley's ineffective

assistance of counsel claim fails on multiple grounds.

"Claims of ineffective assistance of counsel involve mixed questions of law and fact and are governed by § 2254(d)(1)." *Clark v. Thaler*, 673 F.3d 410, 416 (5th Cir. 2012). Corley has the burden of proving both that his lawyer was ineffective and that the state court's determination that Petitioner failed to make a *Strickland* showing was contrary to or an unreasonable application of the *Strickland* standard. *See id.*; *Charles v. Thaler*, 629 F.3d 494, 501 (5th Cir. 2011); *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003). "To establish that he was denied constitutionally effective assistance of counsel, [Corley] must demonstrate that (1) counsel rendered deficient performance, and (2) counsel's actions resulted in prejudice." *Williams v. Stephens*, 761 F.3d 561, 567 (5th Cir. 2014) (citing *Strickland v. Wash.*, 466 U.S. 668, 687-88, 690 (1984)). Corley's ineffective assistance of counsel claim fails if he fails to prove either prong of this test. *Id.* at 566-67; *Strickland*, 466 U.S. at 687.

The first prong of the *Strickland* standard is only satisfied if Corley shows that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687. Judicial review of counsel's performance is "highly deferential" with a strong presumption that counsel's performance was adequate. *McAfee v. Thaler*, 630 F.3d 383, 394 (5th Cir. 2011). For appellate counsel, conduct is "objectively unreasonable" if "counsel unreasonably failed to discover nonfrivolous

issues and to file a merits brief raising them." *Smith v. Robbins*, 523 U.S. 258, 286 (2000).

First, Corley's ineffective assistance of counsel claims fails because he has not identified a nonfrivolous claim that his appellate counsel should have discovered and raised on appeal. Corley contends only that his appellate counsel should have discovered his defective jury charge claim. For the reasons explained above, this defective jury charge claim is unavailing. Moreover, even if the Court assumes, for purposes of this summary judgment motion, that the defective jury charge claim is not meritless, Corley's counsel's omission of this claim on appeal would not rise to the level of constitutionally deficient performance. It is well established that appellate counsel need not raise every nonfrivolous issue on appeal. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Jones v. Barnes*, 463 U.S. 745, 751 (1983). "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones*, 463 U.S. at 751-52. Corley's counsel's decision to focus on appeal on the confrontation clause issue and not raise a claim related to the jury charge was not objectively unreasonable. Therefore, Corley's appellate counsel's performance was not constitutionally ineffective.

Additionally, Corley's ineffective assistance of counsel claim fails the second

prong of the *Strickland* analysis, referred to as the prejudice prong. To prove prejudice, Corley must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 669. Applying this standard here, Corley must show a reasonable probability that he would have prevailed on his appeal. *See Smith*, 528 U.S. at 285. As explained above, Corley's jury charge was not constitutionally defective. Corley would not have prevailed on appeal even if his appellate counsel had raised the defective jury charge claim. Corley, thus, has failed to show both prongs of the *Strickland* analysis, deficient performance and prejudice. Respondent is entitled to summary judgment on Corley's ineffective assistance of counsel claim.[1]

## IV.  CERTIFICATE OF APPEALABILITY

Petitioner's habeas petition is governed by AEDPA and, as a result, a certificate of appealability ("COA") is required before an appeal may proceed. *See Williams*, 761 F.3d at 565-66. To obtain a COA, Petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Garcia v. Stephens*, 757 F.3d 220, 222 (5th Cir. 2014). "A petitioner satisfies this standard by

---

[1] Corley has requested an evidentiary hearing. *See* Pet. Memorandum, at ECF pages 2-3. "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). There are no genuine fact disputes in this case that warrant an evidentiary hearing. Corley's request is denied.

demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Garcia*, 757 F.3d at 222-23 (quoting *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003)).

A district court may deny a COA, sua sponte, without requiring further briefing or argument. *See Haynes v. Quarterman*, 526 F.3d 189, 193 (5th Cir. 2008); *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Given the numerous issues with Petitioner's claims and multiple grounds for dismissal, the Court concludes that jurists of reason would not debate whether the rulings in this case are correct, and a certificate of appealability will not issue in this case.

## V. CONCLUSION AND ORDER

For the reasons stated herein, it is hereby

**ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 16] is **GRANTED**. It is further

**ORDERED** that this Petition [Doc. # 1] is **DISMISSED WITH PREJUDICE**, and issuance of a Certificate of Appealability is **DENIED**.

The Court will issue a separate, final judgment.

SIGNED at Houston, Texas, this **29th** day of **January, 2015**.

P:\ORDERS.Prsnr\2013\3754Habeas.wpd   150129.0933      13

Nancy F. Atlas
United States District Judge